Lathrop v. Harlow.

———

LATHROP, Plaintiff in Error, v. HARLOW, *et al.*, Defendants in Error.

23  209
q84a 426,

1. A letter to an agent in New Orleans, in the following form : "St. Louis, November 21st, 1853. Dear sir—Please send us, as soon as possible, fifty bales of moss, well dried and put up in good order. You will buy it for us at the lowest market price, and you are hereby authorized to draw on us for the amount at thirty days from date of bill of lading. Ship at as low freight as possible. W. M. H. & Co."—will amount to an acceptance of a bill, drawn by the agent, in favor of a person to whom this letter was shown by the agent, and who, upon the faith thereof, received the bill for a valuable consideration.

2. The principal would, in such a case, be bound, although the agent drew the bill upon a shipment of only forty-nine bales of moss.

*Error to St. Louis Court of Common Pleas.*

Demurrer to a petition. The petition is substantially as follows : That on the 21st of November, 1853, the defendants addressed and transmitted to one A. K. Lee, at the city of New Orleans, Louisiana, who received the same, a letter, in the

Lathrop v. Harlow.

words and figures following, to-wit : " To Mr. A. K. Lee, New Orleans. St. Louis, Nov. 21st, 1853. Dear sir—Please send us, as soon as possible, 50 bales good moss, well dried and put up in good order. You will buy it for us at the lowest market price, and you are hereby authorized to draw on us for amount at thirty days from date of bill of lading. Ship at as low freight as possible. Respectfully yours, Wm. M. Harlow & Co."

That the said A. K. Lee did, on the 20th of December, 1853, ship on board the steamboat Henry Chouteau, forty-nine bales of moss, to be delivered at the port of St. Louis, to the order of said A. K. Lee, and on the same day, for the amount of said 49 bales of moss, drew his certain bill of exchange, in writing, hereto annexed, and thereby requested the defendants at the said city of St. Louis, thirty days after date, to pay to the order of one John M. Colby, the sum of $1081 50, value received, and the said Colby endorsed and delivered said bill to the plaintiff ; and the above mentioned letter of defendants to said A. K. Lee had been previously shown to plaintiff, who, upon the faith thereof, received said bill for a valuable consideration.

That immediately after receiving said bill of exchange, plaintiff forwarded the same, with said bill of lading, endorsed by said A. K. Lee, to his agents, Lucas & Simonds, in the city of St. Louis, who, on or before February 6th, 1854, tendered said bill of lading to defendants and requested them to accept said bill of exchange ; but they refused to receive said bill of lading or to accept the bill of exchange.

The petition further set forth a protest for non-acceptance, also for non-payment ; also that defendants refused to receive the moss on its arrival in St. Louis ; also a sale of the moss by Lucas & Simonds, as agents of plaintiffs, for account of defendants, and an application of the proceeds of sale, $752 92, as a credit on the bill. Plaintiff asked judgment for the sum claimed to be still due, $328 58, with statutory damages at the rate of ten per centum.

To this petition defendants demurred, on the ground that the facts stated were not sufficient to constitute a cause of action, and assigned, 1st, that it does not appear that the defendants ever accepted or agreed to accept the bill of exchange upon which the action is founded; 2d, that it does not appear from the said petition that the moss, for which it is alleged said bill of exchange was drawn, was ever shipped to defendants as is directed in the alleged authority to A. K. Lee to draw upon them; 3d, the bill of exchange sued on is not within the alleged authority of defendants to A. K. Lee to draw upon them.

Judgment was given on this demurrer for defendants.

*C. D. Drake,* for plaintiff in error.

I. The letter of appellees, set out in the petition, was an acceptance of the bill of exchange drawn by A. K. Lee under the authority thereof.   (R. C. 1845, p. 172, § 3.)

II. The petition alleging that the plaintiff received said bill of exchange after said letter had been shown to him, and upon the faith thereof, and for a valuable consideration, this was a matter to be decided by evidence upon a trial, and should not have been passed upon by the court on demurrer.

*Comfort & Manter,* for defendants in error.

I. The tenor of the petition is to charge the defendants as acceptors of the bill sued on.   Even if there was, by virtue of the letter of authority to A. K. Lee, a promise to Lee to accept his bill, this promise is not good to Lathrop for the reason that it could not be assigned.   (McEvers v. Mason, 10 Johns. 206.)

II. The defendants never did accept or agree to accept the bill sued on.   The authority given to A. K. Lee to draw expressly specifies fifty bales of moss — forty-nine only were shipped.   If the holder of the bill seeks to make the defendants liable upon their promise to accept, the authority to draw should have been strictly followed.   (Lanfear v. Blossman, 1 La. 148 ; Mason v. Hunt, 1 Douglass, 297.)

III. Lathrop did not buy the bill solely upon the faith of the letter giving authority to draw, for he took an assignment of the

bill of lading for further security, and unless he did purchase the bill of exchange *solely* upon the faith of the letter to Lee he can claim no benefit under it. (Lewis v. Kramer, 3 Maryland, 265.)

SCOTT, Judge, delivered the opinion of the court.

One of the points made by the defendants is, that the promise in writing to Lee, the agent, to accept his bill, was not assignable, and consequently the plaintiff, Lathrop, the endorsee, had no right of action. The case of McEvers v. Mason, (10 Johns. 213,) is cited in support of this point. But a reference to that case shows that it was decided on common law principles alone. Formerly, there were different opinions entertained in relation to the questions whether a bill of exchange could be accepted by parol, and whether a bill could be accepted before it was drawn. In this state of the law, our statute was passed, which enacts that "an unconditional promise, in writing, to accept a bill before it is drawn, shall be deemed an actual acceptance in favor of every person to whom such written promise shall have been shown, and who, upon the faith thereof shall have received the bill for a valuable consideration." The averments in the petition bring the case within the words of the statute, and dispose of this objection.

Another point made is, that the agent did not comply with the terms of his authority, and consequently his act is not binding on his principal. The agent bought forty-nine bales of moss, whereas he was required to purchase and draw for fifty bales. There is no doubt that, where there is an entire contract for a specific quantity of goods, or for several articles, the vendee is not bound to receive part; and if part only be delivered, he may return it. But if he retain the part delivered, after the time for the completion of the contract has elapsed, he is liable upon a *quantum meruit* for the value of such portion of the goods. By retaining the part delivered, there is implied a new contract to pay for that part. (Chitty on Cont.

446.) But this principle, it seems, is not applicable to purchases made by agents. Kent says : " If the agent executes the commission of his principal in part only, as if he directed to purchase fifty shares of bank stock and he purchase thirty only, it then becomes a question whether the principal be bound to take the stock. The principal may, perhaps, be bound to the extent of the execution of the commission in these cases, though it has not been executed to the utmost extent, and this seems to have been the conclusion of the civil law. But a distinction is to be made according to the nature of the subject. If a power be given to buy a house with an adjoining wharf and store, and the agent buys the house only, the principal would not be bound to take the house, for the inducement to the purchase has failed." (2 Kent's Com. 618.) Story, in his work on agency, adopts the views expressed by Kent. (Story on Agency, § 170.) To the same purport is Livermore, (1 vol. 99; Gordon v. Buchanan, 5 Yerger, 811.)

As to the point, whether the plaintiff took the bill on the faith of the letter of the defendant, that is a matter of fact for jury. It is so averred in the petition, and for the purposes of this case as it now stands here, it must be so regarded. The other judges concur. The judgment is reversed, and the cause remanded.