BERTRAND ADOUE *et al.*, Respondents, v. HUGH L. FOX, Appellant.

### St. Louis Court of Appeals, March 27, 1888.

BILLS OF EXCHANGE—ANTICIPATORY ACCEPTANCE.—A letter written by the drawer of a maturing bill of exchange to the acceptor, directing the latter to transmit a renewal and draw on the former at sight for the amount of the first bill at its maturity, is an unconditional promise in writing to accept the sight draft before it was drawn, within the meaning of Revised Statutes, section 535 ; and the holder of such sight draft, who has acquired it for value on the faith of the letter, may recover thereon from the promisor, although the promisor has never received the renewal called for by his letter.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Affirmed.*

NOBLE & ORRICK and JOHN O'GRADY, for the appellant : The letter of December 2 was, as declared on, conditional upon Killeen's signing and returning the renewal therein contained. If he did this by the next mail, then he might draw at sight for the amount of the acceptance already outstanding, when due, and take the same up. *Ford v. Angelrodt,* 37 Mo. 50. As such conditional contract it did not fall within the provisions of the statute, which relate either to actual acceptances of existing drafts or an unconditional promise in writing to accept a bill before it is drawn. If it was conditional, of course it did not fall within this last provision ; and the other provisions did not relate to it, as the draft was not existing, but to be drawn thereafter. It follows from the foregoing propositions, that the instruction asked for by the defendant at the end of the plaintiffs' case should have been given, as there was no evidence that there had been a performance by Killeen of the condition imposed on him.

H. L. EDMUNDS and ALEX. MARTIN, for the respondents : The letter of credit in this case "placed its finger" upon the very bill to be drawn, stating the time when, viz., at the maturity of the (note or) acceptance; the amount, $650.92; the manner, that is, at sight, and in favor of the person holding the acceptance. It was an agreement to pay the bill described in the letter, which was to be used by Killeen for the benefit of Fox & Company, and to be shown by Killeen to the person who should present the acceptance for payment and to enable him to protect said acceptance. *Valle v. Ceere's Adm'r,* 36 Mo. 590; *Bank v. McFarlan,* 3 Denio, 523; 1 Parsons on Notes and Bills, chap. 60, p. 294; 2 Daniel on Neg. Inst. [3 Ed.] sec. 1799; *Coolidge v. Payson,* 2 Wheat. 73–75; *Bank v. Ely,* 17 Wend. 508. The letter of credit of defendant is an unconditional promise to pay a specific draft. There are no words in the letter sufficient to make it conditional, and in all the cases words similar to those used in this case have not been treated as conditional. Nor has it been decided in any case that the party who took a draft on the faith of such a letter, was bound to see that the alleged conditions should be complied with. *Lathrop v. Harlow,* 23 Mo. 212; *Valle v. Ceere's Adm'r,* 36 Mo. 575; 17 Wend. 208, *supra.*

ROMBAUER, P. J., delivered the opinion of the court.

In December, 1886, the Laclede Bank of St. Louis was the owner for value of a negotiable bill of exchange drawn by defendant upon F. P. Killeen, of Galveston, Texas, and accepted by Killeen in writing for $634.02 and interest.

The bill matured December 18. Shortly preceding its maturity, the Laclede Bank sent it to plaintiffs, who were bankers in Galveston, for collection, and the plaintiffs presented it to the acceptor Killeen for payment.

When the bill was thus presented, Killeen exhibited to plaintiffs the following letter in defendant's handwriting and signed by him:

St. Louis, December 2, 1886.

"Frank P. Killeen, Esq., Galveston, Texas.

"Dear Sir: Your note [meaning the above acceptance] of $634.02 comes due on 16th [being day of maturity less days of grace]. We enclose you renewal amount at four months after date. Please sign and return to us at once, and you can sight on us for amount of your note [bill] when due and take the same up. Please return by next mail.

"Very truly,

"H. L. Fox & Co.

"Amount note [bill] .... .......... $634.02
"Interest four months 8 per cent.... 16.90
                                    ———
                                    $650.92."

The credit of the defendant being good, and the plaintiffs in good faith treating this letter as an acceptance of a bill proposed to be drawn, thereupon surrendered to Killeen the draft sent to them by the Laclede Bank for collection and took in payment thereof the following bill of exchange drawn by Killeen on defendant:

"Galveston, Dec. 18, 1886.

"At sight pay to the order of Adoue and Lobitt the sum of six hundred and fifty dollars and ninety-two cents as advised, and charge to account of

"F. P. Killeen.

"To H. L. Fox & Co., St. Louis, Mo."

This draft was returned by plaintiffs to the Laclede Bank with the defendant's letter to Killeen of December 2, attached thereto, and at once presented to defendant for payment upon its receipt in St. Louis.

The defendant did not receive the renewal note of Killeen mentioned in his letter of December 2, prior to the presentment of Killeen's draft of December 18. He assigns this as a reason why he did not pay such draft.

The plaintiffs, who became holders for value of this draft, thereupon brought suit against defendant on his letter of acceptance of December 2, and the defendant defends on the ground that the acceptance was conditional and not absolute, and that it is incumbent upon plaintiffs to show, as a condition precedent to their right of recovery, that Killeen had complied with the conditions imposed upon him prior to the drawing of the bill of December 18.

Upon these facts the court trying the case without the intervention of a jury declared the law as follows:

"The court declares the law to be that if the court sitting as a jury finds, from the evidence, that the defendant wrote and delivered to F. P. Killeen the letter read in evidence and marked 'exhibit A,' and the said F. P. Killeen, on the eighteenth day of December, 1886, showed the same to plaintiffs, and plaintiffs, upon the faith of said letter, then and there delivered up to said F. P. Killeen his acceptance, of date August 16, 1886, which they held for collection, and received and took from said Killeen in payment thereof the sight draft marked 'exhibit B,' and thereafter caused the same to be presented to the defendant for payment, and he refused to pay the same, then the said defendant is liable to plaintiffs for the amount of said sight draft and interest from December 21, 1886."

The court rendered judgment for the plaintiff for the amount of the draft with interest.

Our statute provides that, "An unconditional promise in writing to accept a bill before it is drawn shall be deemed an actual acceptance in favor of every person to whom such written promise shall have been shown, and who upon the faith thereof shall have received the bill for a valuable consideration." Rev. Stat., sec. 535.

Construing this statute, the Supreme Court, in *Lathrop v. Harlow*, 23 Mo. 209, held that the following letter constituted an unconditional acceptance of a bill:

"Please send us as soon as possible fifty bales of moss, well dried, and put up in good order. You will

buy it for us at the lowest market price, and you are hereby authorized to draw on us for the amount at thirty days from date of bill of lading. Ship at as low freight as possible."

The petition in that case was demurred to, among others, on the ground "that it does not appear from said petition that the moss for which it is alleged said bill of exchange was drawn was ever shipped to defendants as is directed in the alleged authority to draw." The demurrer was sustained in the trial court and judgment rendered thereon for defendants, but the judgment was reversed on appeal on the grounds hereinabove stated.

The facts of that case are almost identical with the present. The use of the conjunctive *and*, was there, as here, claimed to make the promise of acceptance conditional upon compliance with other terms of the letter, but the claim was disallowed. In fact when we take into consideration the circumstance that in the present case the defendant by the proposed new acceptance did no more than discharge his inchoate liability as drawer of the former bill, the facts of this case are far stronger against defendant.

We are referred by appellant to the case of *Ford v. Angelrodt*, 37 Mo. 51, as holding that a similar promise is conditional merely. That case is not in point. The defendants there were holders of a fund belonging to the drawer. They wrote an undated memorandum directed to no one, and making mention of no particular amount, by which they suggested that the drawer, who was in New Mexico, should execute two receipts, with certain formalities, adding, "By receipt of these two documents Mr. Werz's draft will be promptly paid by Angelrodt & Barth at their office."

In passing upon the effect of this paper the Supreme Court held that the promise to pay was one conditioned upon the procurement of the receipts mentioned; holding in substance that the word "by" in the memorandum was used as an equivalent for "upon," which fact

very plainly appears from the context of the whole memorandum.

The defendant in the case before us gave evidence tending to show that he was a mere accommodation acceptor and that all these acceptances were for the benefit of Killeen, who was the real debtor.    It is not well conceivable how equities existing between Killeen and the defendant can affect the plaintiffs, who were unaware of them, and who took the draft of Killeen for value in good faith, upon the defendant's written promise to accept the same.

There is no error in the record.    All the judges concurring, the judgment is affirmed.